**XIANGZHE CUI, Petitioner,**

v.

**Eric H. HOLDER Jr.,\* Attorney General, Respondent.**

No. 05–72298.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2008.

Filed March 30, 2009.

Patricia Vargas, Vargas & Associates, Alhambra, CA, Miguel A. Olano, Santa Clara, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Shelley R. Goad, OIL, Karen D. Utiger, Nairi M. Simonian, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, WARDLAW and TALLMAN, Circuit Judges.

MEMORANDUM **

Xiangzhe Cui, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

The BIA adopted and affirmed the decision of the IJ. Accordingly, we "review the IJ's decision as if it were that of the BIA." *Hoque v. Ashcroft,* 367 F.3d 1190, 1194 (9th Cir.2004). "The decision that an alien

---

\* Eric Holder is substituted for his predecessor, Michael Mukasey, as Attorney General. Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

has not established eligibility for asylum ... is reviewed for substantial evidence." *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006). Because the IJ found Cui to be credible, we accept his testimony as true. *See Recinos De Leon v. Gonzales,* 400 F.3d 1185, 1191 (9th Cir.2005).

In order to be eligible for asylum, an applicant must establish that he was persecuted or has a well-founded fear of persecution on account of one or more of the five grounds enumerated in 8 U.S.C. § 1101(a)(42)(A). *See INS v. Elias–Zacarias,* 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "Our caselaw characterizes persecution as an extreme concept, marked by the infliction of suffering or harm ... in a way regarded as offensive." *Li v. Ashcroft,* 356 F.3d 1153, 1158 (9th Cir.2004) (en banc) (alteration in original) (internal quotation marks omitted). Cui was interrogated, had his hair pulled, was slapped twice, causing his mouth to bleed, and was then beaten by his cellmates before being hospitalized for illness. Upon his release from the hospital, he fled, first to other parts of China, then to this country. Substantial evidence supports the IJ's finding that the treatment Cui received did not rise to the level of persecution, even considering the cumulative effect of the harm he suffered. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–21 (9th Cir. 2006); *Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Like the petitioners in *Gu* and *Prasad,* Cui was "unable to show more than a single, isolated encounter with the authorities," *Gu,* 454 F.3d at 1020, during which he suffered treatment that was not "so overwhelming" as to compel a finding of persecution, *Prasad,* 47 F.3d at 339.

Cui waived his withholding of removal and CAT claims by not addressing them substantively in his opening brief. *Mar-tinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION DENIED.**

WARDLAW, Circuit Judge, dissenting:

Cui credibly testified that he gave humanitarian assistance to five North Koreans because his "conscience would not allow [him] to not help these people who were in such dire need[ ]." As a result, he was arrested, beaten by the local Chinese police as they interrogated him, detained for a week in a filthy cell with seven other men who brutally beat him because he was not a "real criminal," hospitalized for over a month, and fired from his job. Cui suffered such treatment on account of his political opinion. The BIA's conclusion that Cui was subject to "prosecution for an act deemed criminal in China" is wrong as a matter of law. *See Li v. Holder,* 559 F.3d 1096, 1108–11 (9th Cir.2009).

Moreover, the IJ's finding that "the authorities only slapped him" is not supported by substantial evidence, given that the IJ found that Cui testified credibly. Cui did not suffer "merely an isolated incident" of abuse, *Sanchez–Trujillo v. INS,* 801 F.2d 1571, 1581 (9th Cir.1986), and his detention was far more severe than the "four to six hours" of detention endured by the petitioner in *Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995). The "totality of the circumstances" thus compels the conclusion that Cui was persecuted. *Guo v. Ashcroft,* 361 F.3d 1194, 1203 (9th Cir. 2004) (finding persecution where the petitioner was arrested, detained, and physically abused); *see Kalubi v. Ashcroft,* 364 F.3d 1134, 1136–37 (9th Cir.2004) (finding that harsh conditions in an overcrowded prison cell, even absent physical beatings, established past persecution); *see also Avetova–Elisseva v. INS,* 213 F.3d 1192, 1196 (9th Cir.2000) ("[A]ffirmative state action is not necessary to establish a well-

founded fear of persecution if the government is unwilling or unable to control those elements of its society responsible for targeting a particular ... individual [ ]." (internal quotation marks omitted)). Accordingly, I would grant the petition and remand to the BIA for further proceedings.